UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **GARIK MKRTCHYAN,**<br>      *Petitioner,*<br>v.<br><br>**Cardell T. Morant,**<br>U.S. Immigration and<br>Customs Enforcement, Special Agent in Charge,<br>Homeland Security Investigations,<br>Charlotte Field Office;<br><br>**Todd M. Lyons,**<br>Acting Director U.S. Immigration and<br>Customs Enforcement<br><br>**Kristi Noem,**<br>Secretary of the U.S. Department of<br>Homeland Security;<br><br>and **Pam Bondi,**<br>Attorney General of the United States,<br>in their official capacities,<br><br>      *Respondents,* | Case No. _____<br>**PETITION FOR WRIT OF**<br>**HABEAS CORPUS** |

## I.   INTRODUCTION

1.   Garik Mkrtchyan is a native and citizen of Armenia who lawfully entered the United States on or about August 1, 2022, on a B-2 visa. He subsequently filed an application for asylum on November 21, 2022, along with other immigration benefits *(see Exhibits O and K)*. Nevertheless, on August 6, 2025, despite his pending applications and substantial ties to the community, Mr. Mkrtchyan was unlawfully detained by the Department of Homeland Security ("DHS").

2.   Accordingly, to vindicate Petitioner's constitutional and statutory rights, this Court should grant the instant petition for a Writ of Habeas Corpus.

1

3. Petitioner respectfully asks this Court to find that his detention is unlawful and to order his immediate release from custody under appropriate conditions.

## II.   JURISDICTION

4. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (*habeas corpus*), 28 U.S.C. § 1331, and Article I, § 9, cl. 2 of the United States Constitution (the Suspension Clause).

6. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; and the 28 U.S.C. § 1651.

## III.   VENUE

7. Venue is proper in this Court because Petitioner is detained at the Folkston ICE Processing Center in Folkston, Georgia, which lies within the jurisdiction of the Southern District of Georgia.

## IV.   REQUIREMENTS OF 28 U.S.C. § 2243

8. Under 28 U.S.C. § 2243, the Court must grant the petition for a writ of habeas corpus or issue an order to show cause to the respondents forthwith, unless it appears from the petition that the petitioner is not entitled to relief. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

## V.   PARTIES

9. Petitioner Garik Mkrtchyan is a native and citizen of Armenia. He lawfully entered the United States on or about August 1, 2022, on a B-2 visa. He is currently detained at the Folkston

ICE Processing Center in Folkston, Georgia *(see Exhibit P)*. Petitioner is in custody and under the direct control of Respondents and their agents.

10. Respondent Cardell T. Morant is sued in his official capacity as the Special Agent in Charge, HSI. In this capacity, Respondent Morant is a legal custodian of Petitioner and has authority to order his release.

11. Respondent Kristi Noem, Secretary of the U.S. Department of Homeland Security (DHS), is sued in her official capacity. In this capacity, Secretary Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees U.S. Immigration and Customs Enforcement, the agency responsible for Petitioner's detention and custody. Secretary Noem is therefore a legal custodian of Petitioner.

12. Respondent Pam Bondi, Attorney General of the United States, is sued in her official capacity as the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the Board of Immigration Appeals. Attorney General Bondi is therefore a legal custodian of Petitioner.

## VI. STATEMENT OF FACTS

13. Petitioner Garik Mkrtchyan is a 41-year-old native and citizen of Armenia. He is married, resides with his wife and children in Charleston, South Carolina, owns a mortgaged family home, and operates his own business *(see Exhibits F, G, and N)*. He has strong community ties, no criminal history, and is widely regarded as a calm and peaceful individual by members of his community *(see Exhibit J)*.

14. Petitioner lawfully entered the United States on or about August 1, 2022, pursuant to a B-2 visa *(see Exhibit K)*.

15. On November 21, 2022, Petitioner and his family timely filed an application for asylum with the United States Citizenship and Immigration Services, which remains pending. In his Form I-589, Petitioner disclosed that, if forced to return to Armenia, he faces a high likelihood of torture or death due to his open support for, and affiliation with, the political opposition to the current regime.

16. On May 20, 2023, USCIS approved Petitioner's initial application for an Employment Authorization Document ("EAD"). On October 11, 2024, Petitioner filed a timely application to renew his EAD under category (c)(08), which provides employment authorization to asylum applicants.

17. On February 26, 2025, Petitioner filed a petition for classification as an alien of exceptional ability seeking a National Interest Waiver (EB-2 NIW), which is currently under adjudication.

18. On the morning of August 6, 2025, shortly after departing his residence at 306 Tidal Rice Court, Charleston, South Carolina, Petitioner was apprehended by agents of U.S. Immigration and Customs Enforcement ("ICE"). Two unmarked vehicles with activated sirens approached from behind, and approximately five to six plainclothes agents exited the vehicles. Without providing any explanation or documentation at the time of arrest, the agents detained Petitioner and transported him to immigration custody at the Folkston ICE Processing Center in Georgia.

19. That same day, Petitioner was served with a Notice to Appear (NTA) charging him as removable under INA § 237(a)(1)(B) for allegedly remaining in the United States beyond the authorized period of his nonimmigrant visa.

20. Under the Immigration and Nationality Act, civil immigration detention is permissible only where necessary to ensure an individual's appearance at future proceedings or to protect the community from danger. See 8 U.S.C. § 1226(a); *Matter of Guerra*, 24 I&N Dec. 37

(BIA 2006). Contrary to *Matter of Guerra*, Petitioner was not arrested while committing any crime or engaging in unlawful activity. The sole factor cited was his lawful application for a hunting and rifle license, conduct that, far from indicating dangerousness, demonstrates his good-faith attempt to comply with state and federal regulations as a law-abiding resident. DHS and ICE provided no explanation, evidence, or justification at the time of his arrest, or thereafter, as to why his detention was necessary under statutory standards. The absence of such justification renders Petitioner's confinement arbitrary, unlawful, and contrary to due process.

21. Moreover, under INA § 208(a)(1), 8 U.S.C. § 1158(a)(1), any noncitizen who is physically present in the United States may apply for asylum, irrespective of immigration status. Federal law further provides that "no period of time during which a bona fide asylum application is pending shall be counted" as unlawful presence. 8 U.S.C. § 1182(a)(9)(B)(iii)(II). Petitioner timely filed his Form I-589 on November 21, 2022, while still in valid B-2 status and prior to the expiration of his authorized stay. As a result, the expiration date of his initial admission no longer governed his ability to remain in the country. From that point forward, his continued presence has been expressly authorized by statute during the pendency of his asylum proceedings. Accordingly, the allegation in the Notice to Appear that Petitioner remained in the United States "without authorization" under INA § 237(a)(1)(B) is legally incorrect *(see Exhibit B)*.

22. On August 19, 2025, Petitioner appeared before Immigration Judge ("IJ") Hon. Andrew Hewitt for a custody redetermination hearing pursuant to 8 C.F.R. § 1236.

23. The record before the Immigration Court contained substantial and compelling evidence of Petitioner's close ties to his family and community. Petitioner resides with his wife and children, owns a mortgaged home in Charleston, South Carolina, and operates his own company. Numerous community members submitted letters attesting to his good character and peaceful nature.

5

24. The Department of Homeland Security opposed release primarily on the grounds that Petitioner had applied for a rifle license. This contention is irrelevant to the legal factors governing bond determinations, which focus only on risk of flight and danger to the community. Petitioner's lawful and limited recreational hunting activities, including membership in a hunting association, cannot reasonably be construed as evidence of dangerousness.

25. Moreover, Petitioner's lawful application for a hunting license must be understood in light of the Second Amendment to the United States Constitution, which provides: "*A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.*"

26. The Supreme Court has held that the term "the people" in the Bill of Rights refers to a class of persons who are part of a national community or who have developed sufficient connection with the United States to be considered part of that community. *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990). Courts have applied this principle to recognize that noncitizens with substantial ties to the United States, such as lawful entrants, long-term residents, or asylum applicants, fall within the scope of constitutional protections, including the Second Amendment. See also *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (holding that undocumented immigrants are "persons" entitled to the protections of the Fourteenth Amendment); *District of Columbia v. Heller*, 554 U.S. 570, 580 (2008) (confirming that the Second Amendment secures an individual right).

27. Petitioner's limited recreational activities were conducted in full compliance with U.S. law and in reliance on rights available under the Constitution. His conduct reflects lawful recreation, not dangerousness.

28. Subsequently, the Immigration Judge denied Petitioner's request for release on bond, concluding that he posed a "flight risk" while expressly declining to base the decision on

any allegation of danger to the community. In reaching this conclusion, the Court relied on the purported absence of documentary proof of Petitioner's pending asylum application (Form I-589) and immigrant petition (Form I-140), despite the fact that such filings exist and receipts were available. The Immigration Judge neither afforded Petitioner an opportunity to present this evidence at the hearing nor directed DHS to confirm or deny its existence. Instead, the Court speculated about the merits of Petitioner's asylum claim and discounted his equities based on prior travel to the United States, without examining the substance of his I-589 or acknowledging that past entries do not foreclose a well-founded fear of persecution. By disregarding available evidence and basing its decision on conjecture, the Court misapplied the governing legal standards and deprived Petitioner of a fair custody determination.

29.  Petitioners have been in ICE custody since August 6, 2025, a period of more than a month as of the filing of this petition. He remains detained with no imminent prospect of removal, despite his pending asylum claim and EB-2 NIW petition, which underscore that removal is not reasonably foreseeable.

30.  Petitioner's ongoing detention is arbitrary, unlawful, and unconstitutional. It serves neither to protect the community, given his clean record and strong family ties, nor to ensure his appearance at future proceedings, as he has a demonstrated history of compliance with immigration requirements and significant equities binding him to his community.

31.  Absent judicial intervention, Petitioner will remain indefinitely detained at taxpayer expense, separated from his family, and deprived of the ability to effectively pursue his asylum and employment-based immigration claims.

## VII.  **LEGAL FRAMEWORK**

32.  The Great Writ of Habeas Corpus, codified at 28 U.S.C. § 2241, authorizes federal courts to inquire into the legality of an individual's detention and to order release if such detention

is unlawful. The Supreme Court has long recognized that *habeas corpus* is a fundamental safeguard against arbitrary confinement. See *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("*The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty.*").

33. Immigration detention is governed primarily by 8 U.S.C. § 1226(a), which authorizes the Attorney General to detain a noncitizen pending a decision on removal, or to release the noncitizen on bond or conditional parole. The statute expressly provides for discretionary release where the individual is not a danger to the community and does not present a flight risk.

34. In *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), the Board of Immigration Appeals confirmed that Immigration Judges must evaluate flight risk and danger to the community when deciding bond, and that relevant factors include family ties, length of residence, employment history, and criminal record.

35. On August 6, 2025, DHS issued a Notice to Appear (NTA) charging Petitioner as removable under INA § 237(a)(1)(B) on the ground that, after admission as a nonimmigrant under INA § 101(a)(15), he allegedly remained in the United States for a period longer than permitted. This charge is a civil ground of removability, not a criminal offense, and does not itself justify mandatory detention.

36. Importantly, Petitioner meets the statutory requirements for seeking asylum under INA § 208, which provides that "any alien who is physically present in the United States or who arrives in the United States, irrespective of such alien's status, may apply for asylum." To qualify for asylum, an applicant must show that he or she is "a person outside his country of nationality who is unable or unwilling to return to, and is unable or unwilling to avail himself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA §§ 101(a)(42)(A), 208(b); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

37. Accordingly, the fact that Petitioner was served with an NTA under INA § 237(a)(1)(B) does not eliminate his eligibility for asylum, nor does it render his continued detention lawful. Petitioner has not been charged with or convicted of any crime, nor has he violated any regulation that would warrant punitive confinement. He is therefore not subject to mandatory detention, and his ongoing custody is unlawful.

38. The Fifth Amendment's Due Process Clause applies to "all persons" within the United States, including noncitizens, regardless of immigration status. See *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001). Due process prohibits arbitrary detention and requires that civil immigration custody serve legitimate regulatory purposes, ensuring appearance at proceedings and protecting the community, not punishment. Where those justifications do not apply, detention becomes unconstitutional.

39. The Second Amendment to the United States Constitution provides: "*A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.*" The Supreme Court has interpreted "the people" to include not only U.S. citizens but also certain noncitizens who have developed sufficient connections to this country. *United States v. Verdugo-Urquidez,* 494 U.S. 259, 265 (1990). See also *Plyler v. Doe,* 457 U.S. 202 (1982) (extending constitutional protections to noncitizens). Accordingly, Petitioner's lawful application for a hunting license cannot reasonably be construed as evidence of dangerousness or a basis for denying bond.

40. Detention must be reasonably related to its purpose and cannot continue indefinitely where removal is not reasonably foreseeable. *Zadvydas v. Davis,* 533 U.S. 678 (2001).

### VIII. CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

9

41. Petitioner repeats and reallege paragraphs 1 through 41 as if fully set forth herein and incorporates them by reference.

42. On information and belief, Petitioner is currently being arrested and detained by federal agents without cause and in violation of his constitutional rights to due process of law.

43. Petitioner's continued detention serves no legitimate governmental purpose. He has a pending asylum application and EB-2 NIW petition, no criminal history, strong family and community ties, and has demonstrated compliance with immigration laws.

44. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

## COUNT TWO

**Violation of the Immigration and Nationality Act and Implementing Regulations**

45. Petitioner repeats and reallege paragraphs 1 through 44 as if fully set forth herein and incorporates them by reference.

46. Petitioner do not present a danger to the community, and the record demonstrates that he has substantial ties with his family and community that mitigate any risk of flight.

47. The Immigration Judge misapplied the governing statute and regulations by denying bond based on irrelevant considerations and in disregard of evidence favorable to Petitioner.

48. For these reasons, Petitioner's detention violates 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

i. Assume jurisdiction over this matter.

ii. Issue an Order to Show Cause requiring Respondents to explain why this Petition should not be granted within three days, as required by 28 U.S.C. § 2243;

iii. Declare that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1226(a), and 8 C.F.R. § 1236.1(d);

iv. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately under reasonable conditions of supervision, or in the alternative, to provide him with a new bond hearing before an Immigration Judge at which the Government bears the burden of justifying continued detention;

v. Grant such further relief as this Court deems just and proper.

Dated: September 12, 2025
New York, NY

RESPECTFULLY SUBMITTED

/s/ *Vano I. Haroutunian*
Vano I. Haroutunian, Esq.
810 Seventh Avenue, Suite 405
New York, NY 10019
Tel: 212-575-7900
*Counsel for Petitioner*

Lyon D. Jemison, Esq.
P.O. Box 2997
Richmond Hill, GA 31324
Tel: 912-756-6324
GA Bar 123114
*Designated Local Counsel*

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I, Vano I. Haroutunian, represent Petitioner, Garik Mkrtchyan, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: September 12, 2025
New York, NY

RESPECTFULLY SUBMITTED

/s/ Vano I. Haroutunian
Vano I. Haroutunian, Esq.
810 Seventh Avenue, Suite 405
New York, NY 10019
Tel: 212-575-7900